IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Phillip Wade Grimes, Personal Representative of the Estate of O.G., | ) ) ) | C.A. No. 8:16-1410-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | **OPINION & ORDER** |
| Young Life, Inc., Inner Quest, Inc., and Adventure Experiences, Inc., | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Defendant Inner Quest, Inc.'s ("Inner Quest") motion to reconsider the court's February 17, 2017 order, which the court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. After consideration, the court denies Inner Quest's motion.

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Inner Quest realleges a number of arguments that the court fully considered in its February 17, 2017 order. However, Inner Quest argues that the court made a clear error of law

1

by failing to consider its argument that (1) the proper test under South Carolina's common law choice of law rules is the most significant relationship test, and (2) a genuine issue of material fact exists as to whether the contract between Inner Quest and Young Life, Inc. was a contract for services or the sale of goods. (Rule 59(e) Mot. 3-4, ECF No. 128.)

Inner Quest argues that the court should have applied the most significant relationship test, as defined by the Restatement (Second) of Conflict of Laws § 146, rather than lex loci contractus to determine which state's law applies for choice of law. (Id., ECF No. 128.) However, courts interpreting South Carolina choice of law rules have repeatedly held that the proper test for contractual interpretation is lex loci contractus. See Gourdine v. Karl Storz Endoscopy-America, Inc., Civil Action No. 2:14-4838-RMG, 2016 WL 5219636, at *10 (D.S.C. May 2, 2016); Witt v. Am. Tr. Ass'ns, Inc., 860 F. Supp. 295, 300 (D.S.C. 1994); Green v. U.S. Auto. Ass'n Auto & Prop. Ins. Co., 756 S.E.2d 897, 899 (S.C. 2014); Team IA, Inc. v. Lucas, 717 S.E.2d 103, 109 (S.C. Ct. App. 2011); Lister v. NationsBank of Del., N.A., 494 S.E.2d 449, 455 (S.C. Ct. App. 1997). Moreover, neither case Inner Quest cited in its motion for summary judgment supports the proposition that South Carolina courts would apply the most significant relationship test in determining choice of law for cases involving the interpretation of a contract. See McDaniel v. McDaniel, 133 S.E.2d 809, 813 (S.C. 1963) (determining that South Carolina law allowing administrator of estate to bring wrongful death action did not apply in case involving Georgia wrongful death statute); Menezes v. WL Ross & Co., LLC, 744 S.E.2d 178, 182 n.2 (S.C. 2013) (determining that Delaware law applied to action for breach of fiduciary duty against a Delaware corporation). Therefore, the court did not err in finding that lex loci contractus was the proper test for choice of law under South Carolina's common law.

Similarly, Inner Quest's argument that the court failed to consider its argument that a genuine issue of material fact exists as to whether it's contract was for the sale of goods or services is without merit.  In the February 17, 2017 order, the court applied the Fourth Circuit's test for whether a contract is for services or the sale of goods and found that two out of the three factors support the finding that Inner Quest's contract was for services.  (Feb. 17, 2017 Order 6-8, ECF No. 114.)  The court considered whether there was a genuine issue of material fact and found that one did not exist.  Based on the foregoing, Inner Quest's Rule 59(e) motion is denied.

It is therefore

**ORDERED** that Inner Quest's motion for reconsideration, docket number 128, is denied.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
April 3, 2017