**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1581

PHILLIP WADE GRIMES, Personal Representative of the Estate of O.P.G.,

        Plaintiff,

  v.

INNER QUEST INC.,

        Defendant – Appellant,

  v.

YOUNG LIFE, INC.,

        Defendant – Appellee,

  and

ADVENTURE EXPERIENCES, INC.,

        Defendant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:16-cv-01410-HMH)

Argued: May 9, 2018                                   Decided: July 23, 2018

Before KING, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————

W. Howard Boyd, Jr., GALLIVAN, WHITE & BOYD, P.A., Greenville, South Carolina, for Appellant. Jack M. Strauch, STRAUCH GREEN & MISTRETTA, P.C., Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Inner Quest Inc. appeals from the district court's award of summary judgment in favor of co-defendant Young Life, Inc., on two cross-claims seeking contractual and equitable indemnification. This matter stems from the tragic death of teenager Olivia Grimes in July 2015 when she fell to her death from a giant, three-person swing at Young Life's Carolina Point, a summer camp that straddles the border of North and South Carolina.[1] In December 2015, Phillip Wade Grimes, as personal representative of Olivia's estate, initiated a wrongful death action in a Florida state court against Young Life and Adventure Experiences, Inc. The case was removed to the Middle District of Florida and transferred to the District of South Carolina. Plaintiff Grimes then amended his complaint to add Inner Quest as an additional defendant.

Inner Quest answered the complaint and filed its cross-claims against Young Life, which moved for summary judgment. Inner Quest responded in opposition and filed a cross-motion for summary judgment on its contractual indemnification claim. In February 2017, the district court awarded summary judgment to Young Life. *See Grimes v. Young Life, Inc.*, No. 8:16-cv-01410 (D.S.C. Feb. 17, 2017), ECF No. 114 (the "Opinion"). The court thereafter denied Inner Quest's motion for reconsideration. Inner Quest timely filed this appeal, contending that the court erred in awarding summary

---

[1] It is undisputed that Olivia's death was caused when the swing operator failed to secure the carabiner on her harness to the swing, resulting in Olivia's ejection from the swing as it was propelled forward.

judgment to Young Life on the cross-claims for contractual and equitable indemnification.[2]

Having assessed the various submissions of the parties and with the benefit of oral argument, we are satisfied that the district court did not err in its summary judgment award. Indeed, we readily adopt the court's carefully crafted and well-reasoned Opinion disposing of the issues. We therefore reject each of Inner Quest's appellate contentions and affirm.

*AFFIRMED*

---

[2] After the district court's summary judgment award on the cross-claims and during the pendency of this appeal, the court approved settlements and dismissed with prejudice all of plaintiff Grimes's claims against the three defendants. Thus, although this appeal was interlocutory when filed, we may now consider it under the doctrine of cumulative finality. *See Equip. Fin. Grp., Inc. v. Traverse Comput. Brokers*, 973 F.2d 345, 347 (4th Cir. 1992).

4